IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHAMPION MORTGAGE, A DIVISION OF KEY BANK, USA, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 1:05-cv-10375-WGY |
| v. | ) ) ) | |
| IDA M. GREEN, ESTATE OF JAMES C. GREEN, JR., MASSACHUSETTS DEPARTMENT OF REVENUE, INTERNAL REVENUE SERVICE, MASSACHUSETTS DEPARTMENT OF REVENUE - ESTATE TAX DIVISION, FAIR LABOR AND BUSINESS PRACTICES DIVISION OF THE OFFICE OF THE MASSACHUSETTS ATTORNEY GENERAL, GLORIA ROSCOE, and FRANCISCO DePINA, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

<u>UNITED STATES' ANSWER</u>

FIRST DEFENSE

The Internal Revenue Service is not a suable entity and the United States is the proper party defendant.

SECOND DEFENSE

The United States, by its undersigned counsel, hereby responds to the specific allegations of the complaint as follows:

1. *The Plaintiff, Champion Mortgage, a division of Key Bank, USA National Association ("Champion Mortgage") is a lending institution with a usual place of business of 2 Gatehall Drive, Parsippany, New Jersey 07054.*

RESPONSE:       The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. *The Defendant, Ida M. Green, is an individual with a last known mailing address of 1709 Deerwood Drive, Augusta, Georgia 30906.*

RESPONSE:       The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3. *The Defendant, The Estate of James C. Green, Jr. has a last known mailing address of 263 Kennebec Street, Mattapan, Massachusetts 02126.*

RESPONSE:       The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. *The Defendant, Massachusetts Department of Revenue, is a Massachusetts state agency with a usual place of business at 100 Cambridge Street, Boston, Massachusetts 02114.*

RESPONSE:       The United States admits the allegations contained in paragraph 4 of the complaint.

5. *The Defendant, the Internal Revenue Service, is a federal agency with a usual place of business of Room 800, P.O. Box 9112, JFK Federal Building, Boston, Massachusetts 02203.*

RESPONSE:       The United States admits that the Internal Revenue Service is a

federal agency but denies that the Internal Revenue Service is the proper named defendant in this action. The United States is the proper party defendant, and it has a usual place of business within the Commonwealth of Massachusetts at the Office of the United States Attorney, One Courthouse Way, Suite 9200, Boston, Massachusetts 02210.

6. *The Defendant, the Massachusetts Department of Revenue and the Fair Labor and Business Practices Division of the Attorney General's Office is a Massachusetts state agency with a usual place of business of 200 Portland Street, Boston, Massachusetts 02114.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. *The Defendant, Gloria Roscoe, is an individual with a last known mailing address of 33 Wales Street #201, Dorchester, Massachusetts 02124.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. *The Defendant, Francisco DePina, is an individual with a last known mailing address of 282 Walnut Avenue #3, Roxbury, Massachusetts 02118.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 8 of the complaint.

9. *The Defendant, Massachusetts Department of Revenue - Estate Tax Division, is a Massachusetts state agency with a usual place of business at 100 Cambridge Street, Boston, Massachusetts 02114.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. *On or about October 10, 2000, the Plaintiff, Champion Mortgage, Inc. (n/k/a Champion Mortgage, a division of KeyBank, USA, National Association), loaned to James C. Green, Jr. and Ida M. Green, the sum of $122,500.00.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. *The said Promissory Note was secured by a First Mortgage dated October 20, 2000 in the original principal amount of $122,500.00 Said mortgage was recorded on October 25, 2000 with said Registry in Book 25492, Page 67. (Exhibit A)*

RESPONSE: The United States admits the allegations contained in paragraph 11 of the complaint.

12. *The First Mortgage secured the real estate located at 263 Kennebec Street, Mattapan, Massachusetts.*

RESPONSE: The United States admits that the first mortgage attached to the

real estate as alleged in paragraph 12 of the complaint.

13. *James C. Green, Jr. and Ida M. Green defaulted on the Promissory Note and Mortgage and Champion Mortgage, a division of KeyBank, USA National Association instituted proceedings for foreclosure on 263 Kennebec Street, Mattapan, Massachusetts in accordance with Massachusetts General Laws, Chapter 244 and all other applicable statutes of the Commonwealth of Massachusetts.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. *On or about June 17, 2004, Champion Mortgage, a division of KeyBank, USA National Association sold the property located at 263 Kennebec Street, Mattapan, Massachusetts at a foreclosure sale in accordance with Massachusetts General Laws 244 and all other applicable statutes of the Commonwealth of Massachusetts. Champion Mortgage sold the Mortgage Property to David E. McDonald for $252,000.00, which was the highest bid.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. *After subtracting $176,986.86 due to Champion Mortgage for all principal, interest and reasonable costs and attorney's fees, pursuant to its Note and Mortgage, there remained surplus funds in the amount of $75,013.14.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. *The following persons, the Defendants herein, appear of record to have an interest in the foreclosure surplus held by Champion:*

A. *The Defendant, Ida M. Green, was an Owner of Record with James C. Green, Jr. as tenants by the entirety of 263 Kennebec Street, Mattapan, Massachusetts 02126 by Deed recorded in Book 25385, Page 34 with the Suffolk County Registry of Deeds. (Exhibit B)*

RESPONSE:   The United States admits that there is, attached as Exhibit B, a copy of a deed purporting to transfer the 263 Kennebec Street property to James Green and Ida Green as tenants by the entirety. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16(a) of the complaint.

B. *The Defendant, The Estate of James C. Green, Jr., is the successor to possible interests of the Debtor.  James C. Green, Jr., was an Owner of Record with Ida M. Green as tenants by the entirety of 263 Kennebec Street, Mattapan, Massachusetts 02126 by Deed recorded with the Suffolk County Registry of Deeds in Book 25385, Page 34.  (Exhibit B) James C. Green, Jr. also held a Declaration of Homestead on said property dated March 19, 2001 recorded with said Registry of Deeds at Book 26022, Page 217.  (Exhibit C).  James C. Green died May 16, 2004.*

RESPONSE:    The United States admits that there are, attached as Exhibits B & C, a copy of a deed purporting to transfer the 263 Kennebec Street property to James Green and Ida Green as tenants by the entirety, and a copy of a purported Declaration of Homestead, both of which were filed with the Suffolk County Registry. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16(b) of the complaint.

C.  *The Defendant, Massachusetts Department of Revenue, is the holder of Lien for Income Taxes by Lien recorded on January 23, 2001, in the amount of $11,541.85 with said Registry in Book 25795, Page 109. (Exhibit D)*

RESPONSE:    The United States admits that, attached as Exhibit D, is a copy of a Notice of Massachusetts Tax Lien filed with the Suffolk County Registry. The United States avers, however, that it is not clear how much remains owed to the Massachusetts Department of Revenue pursuant to this lien.

D.  *The Defendant, the Internal Revenue Service, is the holder of a Federal Tax Lien dated May 11, 200l in the amount of $15,312.99 and recorded with said Registry on May 21, 2001 at Book 26353, Page 62. (Exhibit E)*

RESPONSE:    The United States denies the allegations contained in paragraph 16(D) of the complaint. The Internal Revenue Service is not the proper party defendant in this action. Morever, federal tax liens

     arose against taxpayer James C. Green on December 27, 1999, with regard to federal tax liabilities for the period ending December 31, 1998, notice of which was filed on May 21, 2001, as indicated by the attached Exhibit E.  There remains due and owing on this liability $21,298.39, which amount continues to increase as provided by law.

  E. *The Defendant, the Internal Revenue Service, is the holder of a Federal Tax Lien dated May 11, 2001 in the amount of $94,148.87 and recorded with said Registry on May 21, 2001 at Book 26353, Page 63.*

RESPONSE:  The United States denies that the Internal Revenue Service is the proper party defendant in this action, and avers that federal tax liens arose against taxpayer James C. Green on May 29, 2000, with regard to federal tax liabilities for the period ending December 31, 1999, notice of which was filed on May 21, 2001, as indicated by the attached Exhibit F.  There remains due and owing on this liability $154,010.38, which amount continues to increase as provided by law.

  F. *The Defendant, the Massachusetts Department of Revenue and the Fair Labor and Business Practices Division of the Attorney General's Office, is the holder of a Massachusetts Tax Lien for Wage Violations recorded with said Registry on July 25, 2002, at Book 28977, Page 319.  (Exhibit G)*

RESPONSE:  The United States admits that, attached as Exhibit G, is a copy of a Notice of Massachusetts Tax Lien filed with the Suffolk County

      *Registry. The United States avers, however, that it is not clear how much remains owed to the Massachusetts Department of Revenue and the Fair Labor and Business Practices Division of the Attorney General's Office pursuant to this lien.*

G. *The Defendant, Massachusetts Department of Revenue, is the holder of a Lien for Income Taxes by Lien recorded on August 19, 2002 in the amount of $11.20 with said Registry in Book 29145, Page 142. (Exhibit H)*

RESPONSE: The United States admits that, attached as Exhibit H, is a copy of a Notice of Massachusetts Tax Lien filed with the Suffolk County Registry. The United States avers, however, that it is not clear how much remains owed to the Massachusetts Department Revenue pursuant to this lien.

H. *The Defendant, Gloria Roscoe, filed a Writ of Attachment from Boston Municipal Court Civil Action No. 004153 dated August 26, 2002 in the amount of $60,000.00 with said Registry of Deeds on August 27, 2002 in Book 29212, Page 333. (Exhibit I).*

RESPONSE: The United States admits that, attached as Exhibit I, is a copy of a writ of attachment filed with the Suffolk County Registry of Deeds as indicated above, but avers that it is not clear how much remains due and owing pursuant to this writ of attachment.

I. *The Defendant Francis DePina, filed a Writ of Attachment from Boston Municipal Court Civil Action No. 005492 dated November 8, 2002 in the amount of $14,000.00 with said Registry of Deeds on November 12, 2002*

*in Book 29808, Page 331 (Exhibit J)*

RESPONSE:    The United States admits that, attached is Exhibit J, is a copy of a writ of attachment filed with the Suffolk County Registry of Deeds as indicated above, but avers that it is not clear how much remains due and owing pursuant to the writ of attachment.

17.    *By reason of the possible conflicting claims of the Defendants, the Plaintiff, Champion Mortgage, is in doubt as to which Defendants are entitled to the surplus proceeds of $75,013.14 from the sale of 263 Kennebec Street, Mattapan, Massachusetts.*

RESPONSE:    The United States is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

WHEREFORE, the United States prays that this Court determine that the United States has priority to the funds at issue in this proceeding to the extent of its federal tax liens, and award the United States such other costs and further relief as this Court deems appropriate.

```
I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on
_3/9/05_____ .
_____
```

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
 (BBO # 640367)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

Service List

Edward McCarthy
Rosen & McCarthy
4 Whittier Road
Natick, Massachusetts 01760

Ida M. Green
1709 Deerwood Drive
Augusta, Georgia 30906

Estate of James Green
263 Kennebec Street
Mattapan, Massachusetts 02126

Massachusetts Department of Revenue
Litigation Bureau
P.O Box 9565
100 Cambridge Street
Boston, Massachusetts 02114

Massachusetts Department of Revenue
Estate Tax Division
100 Cambridge Street
Boston, Massachusetts 02114

Office of the Attorney General
Fair Labor and Business Practices Division
200 Portland Street
Boston, Massachusetts 02114

Gloria Roscoe
33 Wales Street
#201
Dorchester, Massachusetts 02124

Francisco DePina
282 Walnut Ave.
#3
Roxbury, Massachusetts 02114