UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CHAMPION MORTGAGE


    v.                                          CIVIL ACTION NO.
                                                  05-10375-WGY


GREEN, ET AL



NOTICE OF SCHEDULING CONFERENCE


YOUNG, C.J.

    This case is called for an initial scheduling conference

at 2:00 p.m. on **MON. MAY 9, 2005** in accordance with Fed. R.

Civ. P. 16(b) and LR 16.1.  The Court considers attendance of

the senior lawyers ultimately responsible for the case and

compliance with sections (B), (C), and (D) of L.R. 16.1[1] to be

---

    1.  These sections of LR 16.1 provide:
        (B)  Obligation of counsel to confer.  Unless
otherwise ordered by the judge, counsel for the parties
shall confer no later than ten (10) days prior to the
date for the scheduling conference for the purpose of:
            (1)  preparing an agenda of matters to be
discussed at the scheduling conference,
            (2)  preparing a proposed pretrial schedule
of the case that includes a plan for discovery, and
            (3)  considering whether they will consent
to  trial by magistrate judge.
        (C)  Settlement proposals.  Unless otherwise
ordered by the judge, the plaintiff shall present written
settlement proposals to all defendants no later than ten


(10) days prior to the date for the scheduling

conference.  Defense counsel shall have conferred with
their clients on the subject of settlement prior to the
settlement conference and be prepared to respond to the
proposals at the scheduling conference.

       (D)  <u>Joint statement</u>.  Unless otherwise ordered
by the judge, the parties are required to file, no later
than five (5) business days prior to the scheduling
conference, a joint statement containing a proposed
pretrial schedule, which shall include:

           (1)  a joint discovery plan scheduling the
           time and length for all discovery events,
that

         shall

              (a) conform to the obligation to limit
              discovery set forth in Fed. R. Civ. P.
              26(b), and

              (b) consider the desirability of con-
              ducting phased discovery in which the
              first phase is limited to developing
in-
              formation needed for a realistic
assess-
              ment of the case and, if the case does
              not terminate, the second phase is
              directed at information needed to
prepare
              for trial; and

           (2)  a proposed schedule for the filing of
           motions; and

           (3)  certifications signed by counsel and by
           an authorized representative of each party
           affirming that each party and that party's
           counsel have conferred:

              (a) with a view to establishing a
budget
              for the costs of conducting the full
              course -- and various alternative
courses
              -- of the litigation; and

              (b) to consider the resolution of the
              litigation through the use of
alternative
              dispute resolution programs such as
those
              outlined in LR 16.4.

    To the extent that all parties are able to reach

of the utmost importance.[2]

---

agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pre

trial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

     2.   This session of the court follows the following procedures at the initial scheduling conference:

     A.   The Court requires that the joint statement required by LR 16.1(D) set forth each and every disputed point in such fashion that, by initialling one approach rather than another, the Court can indicate clearly the individualized scheduling order to govern this case. Where the joint statement is silent on a point, the presumptive discovery limits set forth in LR 26.1(c) shall apply.  Unless the parties agree to an earlier date, discovery shall be complete, together with the supplementation to any expert interrogatories, on the date established for the final pre-trial conference/entry onto the running trial list.

     B.   At the initial scheduling conference, the Court will address counsel generally and, following the general remarks, will see counsel in each individual case for the sole purpose of advising counsel of the Alternative Dispute Resolution mechanisms available and selecting a date for the Final Pre-trial Conference and entry upon the running trial list.  The Court is unlikely to continue this date once established.

     C.   At its earliest opportunity, the Court will approve or modify the joint statement and so endorse it as to make it constitute the individualized scheduling order for the management of this case.

     D.   Since no motions will be addressed at the initial scheduling conference, counsel may move for such further case management conferences as any of them may deem advisable.

     E.   Please review the case list for the accuracy of

Counsel may be given a continuance only if actually
engaged on trial.  Failure to comply fully with this notice
and with sections (B), (C), and (D) of LR 16.1 may result in
sanctions under LR 1.3.[3]


                        WILLIAM G. YOUNG
                        UNITED STATES DISTRICT JUDGE

                         By the Court,
                        /s/ Elizabeth Smith
                        _____
                         Elizabeth Smith,Deputy Clerk

--------

counsel's names.  If you notice that an attorney's name
is missing, please undertake to give that attorney notice
of the conference.  Your cooperation is appreciated.

     3.  Pursuant to Local Rule 16.2, certain categories
of cases are exempt from the provisions of this order.
In addition, all parties and counsel are notified that
cases which involve a pro se litigant are exempt from all
provisions of this order save the obligation to appear at
this scheduling conference.  Counsel may move in timely
fashion to be exempt from the provisions of this order
should it be unduly burdensome.  The court is unlikely to
grant such motion unless made by a plaintiff who is a
natural person not represented pursuant to the provisions
of an insurance contract who files an affidavit, signed
by the party, that in all likelihood the aggregate
recovery, should the plaintiff prevail, will not exceed
$150,000, or by a sole defendant who is a natural person
not represented pursuant to the provisions of an
insurance contract.